CALZADA ET AL. *v.* CRUZ ET AL.

APPEAL from the District Court of San Juan, Section 2.

No. 812.—Decided June 11, 1912.

AMENDMENT OF JUDGMENTS—TERMS OF DISTRICT COURTS.—Although by the rules of district courts certain terms are specified and vacations provided for, the law makes no provision with regard to the matter, the sessions are virtually continuous, and the judges can at any time make such orders as may be necessary, changing or amplifying or restricting the orders and judgments previously rendered.

APPEAL—LAW OF THE CASE—QUESTIONS DECIDED IN FIRST APPEAL—SECOND APPEAL.—It is a well-established principle of law that the propositions discussed and decided in an appeal become the law of the case and cannot be discussed in a second appeal in the same case. In the second appeal we should consider only the question as to whether or not the proceedings taken by the trial court on the second trial were consistent with the opinion which this court rendered on the first appeal.

ID.—SECOND APPEAL.—After an examination of this appeal it was held that the procedure followed by the court is consistent with the opinion rendered by this court on June 2, 1909, deciding another appeal in this same case between the same parties. 15 P. R. R., 340.

The facts are stated in the opinion.
*Mr. Eugenio Benítez Castaño* for appellants.
*Mr. Frank Antonsanti* and *Salvador Suau* for respondent.

MR. JUSTICE MACLEARY delivered the opinion of the court.

This case was begun by a complaint filed in the District Court of San Juan in the year 1907. The plaintiffs therein sought to obtain from the court a judgment against the defendants nullifying the proceedings for establishing a dominion title, which had been instituted by the defendants, de

la Cruz, in regard to a tract of 90 acres of land in the district
of Loíza and also to set aside the inscription of the same in
the registry of property.

The defendants, de la Cruz, answered the complaint, mak-
ing certain allegations and alleging especially that the pro-
ceedings for the establishment of the dominion title were car-
ried on with due formalities of law, and that defendants were
the real owners of the property. The defendant, Carrero
Alvarez, answered also the complaint, setting out various alle-
gations, among which was included a plea in reconvention,
soliciting the court to declare the complaint unfounded as far
as the same concerned him and to declare his plea in recon-
vention effectual, based on the fact that he was the only owner
of the property in litigation.

Upon the trial of the case before the district judge who
at that time presided in the second section of that court, a
judgment was rendered in favor of the plaintiff, from which
an appeal was taken to this Supreme Court. On June 2,
1909, this court rendered judgment in this case revoking that
of the district court and ordering a new trial in the case.

On May 10, 1910, the case came on for a hearing again
before the Second Section of the District Court of San Juan,
over which the Hon. Martin E. Gill at that time presided.
All parties being present in court by their respective attor-
neys, the case was tried and submitted to the court on a stipu-
lation in regard to the evidence and written briefs for both
parties.

On December 6, 1910, the trial judge entered a resolution
in the case in favor of the defendants, declaring the complaint
unfounded and taxing the costs against the plaintiffs. An
appeal was taken therefrom on January 3, 1911. The state-
ment of the case was presented by the appellants, of which
on January 27, 1911, the attorneys for the respondents were
duly notified. The plaintiffs withdrew their appeal because
the trial court, on a date not mentioned in 1911, made an order
suspending in all its parts the judgment which had been ren-

dered in the case; and thereafter on the motion of the defendants the same court on April 13, 1911, rendered another judgment, amplifying the former; and therein the complaint was held to be unfounded and the plea in reconvention duly sustained. Of this latter judgment the plaintiff's counsel was duly notified on September 2, 1911, in accordance with the law which had been passed in the previous month of March.

After various extensions of time a statement of the case was finally approved and a transcript was filed in this court. A motion to dismiss the appeal was made and overruled, and the case came on for hearing on the 21st of last month before this court and was submitted on oral arguments and written briefs, five days being conceded to each party to file additional briefs, if they so desired.

The first question that arises in the consideration of this case is in regard to the amendment and modification of the judgment made by Judge Gill of the trial court. The first judgment, as has been stated, was rendered on December 6, 1910, and the second on April 13, 1911. And it is contended by the appellant that the second judgment is null for want of jurisdiction of the court to render the same, the matter having passed beyond its jurisdiction by the appeal taken to the Supreme Court and the term of the district court sitting in December, 1910, having expired before the date of the second judgment. To this it is replied that no terms for the district court are established by law in Porto Rico, and that, although by the rules of court certain terms are specified and vacations provided for, the sessions of the district court are virtually continuous and the judges can at any time make such orders as may be necessary, changing or amplifying or restricting the orders and judgments previously rendered.

The difference between the two judgments rendered by Judge Gill is that in the first the complaint was declared unsupported by the evidence and judgment was rendered for the defendants. In the second judgment this same resolu-

tion was made, and in addition thereto the plea in reconvention of the defendant, Carrero, was held to be sustained by the evidence, and judgment was rendered declaring him the only owner of the property in litigation.

If the second judgment is null, then the first is in force, and this appeal being taken from the second judgment would have to be dismissed, unless we apply it to the first one, in which case the decision of this court would virtually be the same, the judgments being sufficiently similar. Then we will proceed to consider the appeal as taken from the second judgment and regard the same as being the final decision of the trial court.

Counsel for appellants throughout his briefs and arguments has reviewed the whole case and all the testimony produced, insisting that the proceedings for the establishment of the dominion title were irregular and illegal and that the conveyance of the land in controversy from the defendants, de la Cruz, to their co-defendant, Francisco Carrero Alvárez, was fraudulent and should be considered as null and void. It must be borne in mind that the evidence on which this case was tried by Judge Gill was identical with that before the district court on the first trial and which was reviewed by this Supreme Court on the former appeal.

It is a well-established principle of law that the propositions and matters discussed, considered and decided in the first appeal become the law of the case and ought not to be and cannot be discussed in the second appeal. *New York and Porto Rico Steamship Co.* v. *Dexter,* 16 P. R. R., 565 and 18 P. R. R., 172; *Falero v. Falero,* 16 P. R. R., 76; *Supervisors* v. *Kennicot,* 94 U. S., 498, and cases cited; *Clark* v. *Keith,* 106 U. S., 464; *Chaffin* v. *Taylor,* 116 U. S., 567; *United States* v. *Camou,* 184 U. S., 574.

Then it is plain that in this second appeal we should consider only the question as to whether or not the proceedings taken by the trial court on the second trial were consistent

with the opinion which this court promulgated on the first appeal, and if it corresponds to the questions there discussed and decided then the law of the case has been established and must be followed.

On the former appeal of this case, in an opinion which was reported in volume 15 of Porto Rico Reports, we held three propositions to be established, namely:

First. That, according to article 395 of the Mortgage Law, the summoning of an adjacent owner is not an indispensable requisite in proceedings to establish the ownership of an estate.

Second. That no one can appear as a third party who is a party to a fraudulent contract, because neither the Mortgage Law nor any other law can protect a fraud; and

Third. That something more than mere suspicion is required to establish fraud in a conveyance of land made by means of a public document; that fraud must be proved by evidence which is clear, strong and convincing, for all presumptions are against it and in favor of fairness.

We further said in the opinion then delivered that:

"As to the holding of the court below that the conveyance of the land from the defendants, Cruz, to their co-defendant, Carrero, was fraudulent, it does not appear that the evidence is sufficient. The judgment of the court below being based, at best, on mere suspicions ought not to be allowed to stand. On another trial, perhaps, both parties may be able to throw more light on the subject. From the facts of the case as they appear in the record we do not find it proved that the defendant, Carrero, has acted with bad faith and that the title of purchase and sale on which his right is founded, has been simulated nor that there should be legal ground to deny him the right to appear as third party in interest alleged by him. But these points can be cleared up on another trial where with better evidence a judgment can be rendered in conformity with the rights of the parties." *Calzada* v. *Carrero el al.,* 15 P. R. R., 340.

Then taking the opinion formerly promulgated, from which we have quoted above, as settling the law of the case,

and finding from the record that the evidence remained un-changed in the second trial and none of the points having been cleared up in that trial with better evidence, as it was suggested to the parties that they might do, inasmuch as we find that the court below on the second trial in all its pro-ceedings followed the directions of this court given on the first appeal and that they were consistent with our former opinion, we must regard the case as settled and hold it un-necessary to review for a second time the questions formerly presented.

Taking this view of the case, the judgment of the trial court should be affirmed.

*Affirmed.*

Chief Justice Hernández and Justices Wolf and Aldrey concurred.

Mr. Justice del Toro did not take part in the decision of this case.